**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street, S.W., Suite 800 ) <br> Washington, DC 20024, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF STATE, ) <br> The Executive Office ) <br> Office of the Legal Adviser, Room 5519 ) <br> 2201 C Street, NW ) <br> Washington, D.C.  20520, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission,

Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State is an agency of the United States Government and is headquartered at 2201 C Street NW, Washington, D.C.  20520.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On or about August 4, 2015, the Washington Post reported that a State Department employee was responsible for the service and maintenance of former Secretary Clinton's email server.  *See* Carol D. Leonning, Rosalind S. Helderman, and Tom Hamburger, *FBI looking into the security of Hillary Clinton's private e-mail setup*, The Washington Post, Aug. 4, 2015.  Specifically, the Post reported:

> With the new server came an additional specialist: Bryan Pagliano, who had worked as her campaign's IT director. According to federal campaign finance records, Pagliano was paid by Clinton's Senate leadership PAC through April 2009. The next month, he went to work for the State Department as an IT specialist, a department official said. The people briefed on the server indicated that he continued to act as the lead specialist responsible for it.
>
> The e-mail system was not always reliable, these people said, with Pagliano summoned at various times to fix problems. Notably, the system crashed for days after New York was hit by Hurricane Sandy in October 2012, while Hillary Clinton was secretary of state.

6. The next day, on August 5, 2015, Plaintiff submitted a FOIA request to Defendant seeking access to the following:

    A. All records concerning the hiring of Bryan Pagliano;

    B. All time sheets, calendars, or similar records of Bryan Pagliano;

    C.  All records of travel to/from Chappaqua, NY. Such records include, but are not limited to, expense reports, reimbursement forms, and travel logs;

    D.  All records of Bryan Pagliano concerning, regarding, or relating to the maintenance of former Secretary Clinton's email server. Such records include, but are not limited to, expense reports, reimbursement forms, and maintenance logs; and

    E.  All records of communications between Bryan Pagliano and any official, officer, or employee of the Office of the Secretary concerning former Secretary Clinton's email server.

  7.  In addition, Plaintiff requested expedited processing of its FOIA request because a compelling need for the requested information exists. *See* 5 U.S.C. § 552(a)(6)(E)(i). Specifically, Judicial Watch has at least 15 cases pending in the U.S. District Court for the District of Columbia related to Secretary Clinton's email practices while Secretary of State. The information at issue in this request will shed light on whether the State Department was involved in the operation of Secretary Clinton's email server. The information is urgently needed because nearly every day brings new, startling revelations of possible destruction of public records and Defendant's continuing failure to recover them. *See* Michael S. Schmidt, *No Copies of Clinton Emails, Lawyer Says*, The New York Times, July 24, 2015. Even more disturbing is the fact that many of the emails apparently contain classified information. See Michael S. Schmidt and Matt Apuzzo, *Hillary Clinton Emails Said to Contain Classified Data*, The New York Times, July 24, 2015.

  8.  By letter dated August 13, 2015, Defendant acknowledged receipt of Plaintiff's FOIA request and assigned the request Case Control Number 2015-12809.

  9.  In addition, Defendant determined that Plaintiff's FOIA request warrants expedited processing.

10. Pursuant to 5 U.S.C. § 552(a)(6)(E)(iii), Defendant was required to process Plaintiff's request "as soon as practicable."

11. As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

12. Even if Plaintiff had not sought and did not receive expedited processing, pursuant to the time limit set forth for standard FOIA requests, Defendant was required to determine whether to comply with the FOIA request within twenty (20) working days of receipt of the request and to notify Plaintiff immediately of its determination. 5 U.S.C. § 552(a)(6)(A)(i).

13. Therefore, if Plaintiff had submitted a standard FOIA request, Defendant's determination regarding Plaintiff's FOIA request was due by September 2, 2015 at the latest.

14. Because Defendant has failed to comply with the time limit set forth for standard FOIA requests, Defendant also has failed to process Plaintiff's expedited request "as soon as practicable."

15. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

16. Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

17. Defendant is unlawfully withholding records requested by Plaintiff pursuant to

5 U.S.C. § 552.

18.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  September 3, 2015                    Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC  20024
(202) 646-5172

*Counsel for Plaintiff*